DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Hiawatha Covington ("Covington"), appeals the judgment of the Summit County Court of Common Pleas, which entered summary judgment in favor of Appellees, Eric D. and Pershawna Garrett ("Garretts"), and First Merit Bank, N.A. ("First Merit"), on all of Covington's claims. This Court affirms.
 I. {¶ 2} In August of 2003, Covington moved from Hope, Arkansas to Akron, Ohio, and lived with the Garretts — her daughter and son-in-law — for approximately four (4) months. In September of 2004, Covington was added to the checking account of Mr. Garrett, and given an ATM/debit card. In October of 2004, a check from the Social Security Administration in the name of Covington was deposited in the joint account in the amount of $22,986, and in January of 2005 an additional $25,110.60 was directly deposited by the Social Security Administration on behalf of Covington. *Page 2 
 {¶ 3} On May, 19, 2006, Covington filed a complaint against the Garretts and First Merit for the recovery of money she alleged was obtained without permission from the joint bank account shared with Mr. Garrett. On January 30, 2007, Covington's counsel moved to withdraw as counsel, and on February 7, 2007, he was withdrawn. Covington proceeded through the remainder of the action pro se.
 {¶ 4} On July 3 and July 6, 2007, First Merit and the Garretts, respectively, filed separate motions for summary judgment. On July 13, 2007, Covington filed a motion for stay of motion for summary judgment and a motion for enlargement of time to respond.
 {¶ 5} On October 2, 2007, a pretrial was held before Magistrate John Shoemaker, at which the trial court gave Covington until October 10, 2007, to respond to the motions for summary judgment. On October 9, 2007, First Merit filed a supplemental memorandum in support of its motion for summary judgment. On October 23, 2007, the trial court granted the Garretts' and First Merit's motions for summary judgment. In coming to its conclusion, and after finding that the Garretts and First Merit fulfilled their burden of showing summary judgment was appropriate, the trial court provided: "to survive summary judgment, the nonmoving party, which in this case is the Plaintiff, must produce some evidence on any issue for which that party has a burden of proof. In this case, the nonmoving party has not responded." Covington timely appeals, setting forth four assignments of error.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT STATED: `NOW IF THAT IS NOT A DISPUTED ISSUE OF MATERIAL FACT, I DON'T KNOW WHAT IS', [sic] AND THEN WENT ON TO GRANT SUMMARY JUDGMENT AGAINST [COVINGTON]." *Page 3 
 ASSIGNMENT OF ERROR II "OPPOSING COUNSEL STATED: `MY MOTION IS A MOTION FOR PARTIAL SUMMARY JUDGMENT', [sic] AND THE TRIAL COURT GRATNED FULL SUMMARY JUDGMENT."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT DID NOT VIEW THE EVIDENCE AND PLEADINGS IN A LIGHT MOST FAVORABLE TO PLAINTIFF APPELLANT AND DID NOT CONSIDER HER PRE TRIAL [sic] STATEMENT ITEMIZING THE FRAUDULENT WITHDRAWALS. (APPENDIX A)"
 ASSIGNMENT OF ERROR IV "THE GRANT OF SUMMARY JUDGMENT AGAINST HER IS UNREASONABLE; THERE IS ABUNDANT EVIDENCE OF DISPUTED MATERIAL FACTS."
 {¶ 6} Although Covington sets forth four (4) separate assignments of error, she essentially offers the sole argument that the trial court erred in granting summary judgment in favor of the Garretts and First Merit. This Court disagrees.
 {¶ 7} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12.
 {¶ 8} Pursuant to Civ. R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 9} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue *Page 4 
as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ. R. 56(C), Civ. R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel.Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449. Furthermore, acceptable evidence under Civ. R. 56(C) comes in the form of "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]"
 {¶ 10} In the case at hand, both the Garretts and First Merit fulfilled their burden in providing evidence that shows there are no genuine issues of material fact. The Garretts provided sworn affidavits of Pershawna and Eric Garrett, as well as Covington's own deposition testimony. Likewise, First Merit's motion was supported by sworn affidavits and Covington's deposition testimony. All of the above evidence is the type required under Civ. R. 56(C) and "affirmatively demonstrates that [Covington] has no evidence to support [her] claims."Dresher, 75 Ohio St.3d at 293.
 {¶ 11} More specifically, in regard to the Garretts, Covington claimed that they "obtained appropriately [sic] $30,596.60 from said Account for their own use without permission or without notification of the Plaintiff." However, the Garretts refuted this allegation with the information contained in their sworn affidavits which provided that they never withdrew any money that was not eventually given to Covington. Furthermore, through the affidavit of Pershawna Garrett and the deposition testimony of Covington, the Garretts established evidence *Page 5 
showing that Covington was responsible for all but one debit transaction on the account in question, the amount of these transactions alone totaling over $35,000 of the almost $49,000 that had been deposited in the account.
 {¶ 12} In regard to First Merit, Covington alleged in her complaint that First Merit "should be held responsible for the amount of funds incorrectly obtained by Pershawna Garret while working for said Bank." First Merit provided sworn affidavits of Pershawna and Eric Garrett refuting Covington's allegations that Pershawna, and First Merit through Pershawna's alleged actions, had obtained funds from the disputed account improperly.
 {¶ 13} Having provided the evidence above, both the Garretts and First Merit satisfied their burdens imposed by Dresher in pointing to evidentiary materials that show that there is no genuine issue as to any material fact. In doing so, the Garretts and First Merit successfully shifted the burden to Covington to show that a "genuine triable issue" exists for this Court to address. However, Covington has failed to fulfill her burden.
 {¶ 14} Despite being afforded multiple extensions and ample opportunity to respond, Covington failed to provide any evidence or argument outside "the mere allegations of [her] pleading."Tompkins, 75 Ohio St.3d at 449. Thus, Covington failed to fulfill her burden of showing that a "genuine triable issue" existed, and the trial court properly entered summary judgment in favor of the Garretts and First Merit. Accordingly, Covington's assignments of error are overruled.
 III. {¶ 15} Covington's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed. *Page 6 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
SLABY, J. MOORE, J. CONCUR *Page 1